[No. §696.  Department Two. — February 25, 1886.]

KATE F. DILLON, ADMINISTRATRIX, ETC., OF W. H. DILLON, DECEASED, RESPONDENT, *v.* ALEXANDER CENTER ET AL., APPELLANTS.

EJECTMENT — POSSESSION BY DEFENDANT — JUDGMENT. — The plaintiff in an action of ejectment is not entitled to a judgment, unless the defendant was in the possession of some part of the land sued for at the time of the commencement of the action.

ID. — ANSWER — DENIAL OF POSSESSION — ADVERSE POSSESSION — STATUTE OF LIMITATIONS — ADMISSION. — The answer in such an action, after denying the allegation of the complaint as to the possession of the defendant, set up an adverse possession under the statute of limitations as a special defense. *Held*, that the admission of possession contained in the plea of the statute should be confined to that defense.

ID. — NONSUIT AS TO PORTION OF DEMANDED PREMISES. — Where the plaintiff sues to recover possession of several distinct lots of land, the defendant is entitled to a nonsuit as to such lots as the evidence of the plaintiff shows to have been in his own possession at the time of the commencement of the action.

ID. — DISCLAIMER BY PREDECESSOR IN INTEREST — EVIDENCE. — In support of the plea of the statute of limitations, the defendant gave evidence tending to show that one John Center, under whom he claimed as a tenant, had been since 1871, and for more than five years before the commencement of the action, in the exclusive adverse possession of the land in controversy. The plaintiff then offered in evidence, against the objection of the defendant, the judgment roll in 'an action of ejectment brought by him in 1872, against a party in possession of the land under John Center, in which judgment was rendered in his favor, and further proved that during the pendency of such action John Center had verbally disclaimed any interest in the land. *Held*, that the evidence was admissible.

APPEAL from a judgment by the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Mastick, Belcher & Mastick*, and *S. O. Houghton*, for Appellants.

The motion for a nonsuit as to lots 1 and 2 should have been granted. (*Miller* v. *Chandler*, 58 Cal. 541; *Shaeffer* v. *Matzen*, 58 Cal. 652.)

*Moore, Laine & Johnston*, and *Tully R. Wise*, for Respondent.

The defendants, not having disclaimed the possession of lots 1 and 2, were not entitled to a nonsuit as to them. (*Pioche* v. *Paul*, 22 Cal. 105; *Ellis* v. *Jeans*, 26 Cal. 272; *Brown* v. *Brackett*, 45 Cal. 167.) The judgment roll in the action against George Center was admissible.

(*Valentine* v. *Mahoney*, 37 Cal. 389; *Russell* v. *Mallon*, 38 Cal. 259.)

BELCHER, C. C.—This is an action of ejectment to recover possession of lot 1 of the northwest quarter, and lots 2 and 3 of the northeast quarter, of a certain section of land in Santa Clara County.

In the complaint it is alleged that W. H. Dillon, plaintiff's intestate, died in April, 1877, and at the time of his death was the owner in fee and entitled to the possession of the premises described; that the plaintiff as administratrix of his estate took possession of the said premises in January, 1879, and continued to occupy the same till the seventh day of January, 1880, when she was ousted and ejected therefrom by the defendants.

The defendant, Alexander Center, alone appeared. By his answer, he denied all the allegations of the complaint, and then alleged that he and those through and under whom he claimed had had and held the actual possession of the lands and premises described in the complaint, and every part and parcel thereof, continuously, exclusively, and adversely to all the world for the five years next preceding the commencement of the action; and he further alleged that the plaintiff's cause of action was barred by the provisions of section 318 of the Code of Civil Procedure.

The case was tried by the court, and judgment rendered in favor of the plaintiff, for the possession of the three lots described in the complaint, and for damages and costs. The appeal is from the judgment and an order denying a new trial.

When the plaintiff rested her case, the defendant moved for a nonsuit as to lots 1 and 2, upon the ground that it appeared from the plaintiff's testimony that she was in possession of those lots when the action was commenced, and it did not appear that defendant ever had possession of any part of them. The motion

was denied, upon the ground that a nonsuit could not be granted as to a part of the demanded premises. We think the motion might and should have been granted.

It is indispensable to a recovery in ejectment that it should appear that the defendant was, at the commencement of the action, in the possession of some part of the land sued for. The general denial contained in the answer put in issue the alleged possession of defendant, and the admission of possession contained in the special defense must be confined to that defense. (*Miller* v. *Chandler,* 59 Cal. 540.)

The lots were severable, and the only contest was as to a part of lot 3. It was unnecessary, therefore, to include in the action lots 1 and 2, and a judgment that the plaintiff recover the possession of those lots might be harmful to the defendant if an action should be commenced to recover rents and profits for them. (2 Greenl. Ev., sec. 333.)

As above stated, the only real contest was in reference to about sixteen acres of lot 3, and as to this piece it was claimed that the plaintiff's right of action was barred by the statute of limitations.

It appeared from the evidence that W. H. Dillon became the owner of the three lots described in the complaint, in December, 1875.

To sustain his claim under the statute of limitations, the defendant then proved that in November, 1871, one John Center received a deed for a tract of about three hundred acres of land known as the Scott place, and embracing the sixteen-acre parcel of lot 3; that the whole tract was then inclosed; that shortly after receiving his deed John Center leased the whole tract to the defendant, Alexander Center, and that he, as such lessee, had ever since occupied and used the premises, kept up the fences, and paid all the taxes on the land; and that John Center had always claimed to own all the land conveyed to him by his deed since he received it in 1871.

The plaintiff then proved that in 1872 George Center, the father of Alexander Center, resided on the Scott place, and that in May of that year the said owner of the said lots 1, 2, and 3 commenced an action against him in the District Court of the fourth judicial district to recover their possession; that the papers in the case were served on George Center, and he immediately sent them to John Center, whom he considered "the responsible party"; that an answer was filed in the case by some one, but by whom George Center did not know; that between 1872 and 1879 the attorney for the plaintiff had a conversation with John Center about the land described in the complaint, and was told by him that he did not claim it; that again, in 1879, the attorney had another conversation with John Center about the land, and he, John Center, then asked that no judgment for costs should be taken against George Center in the case, as he did not claim the land, and the plaintiff might go and take possession without further trouble; that the case was tried in January, 1879, and judgment rendered in favor of the plaintiff for the possession of the premises described in the complaint; that an execution was issued on this judgment, and under it, on the sixteenth day of January, 1879, the sheriff of the county of Santa Clara placed the agent of the plaintiff in the quiet and peaceable possession of the land therein described; that in 1879 the plaintiff cut hay on the sixteen-acre parcel, and erected a barn and stored the hay in it, and also commenced to construct a fence to separate that parcel from the other land occupied by the defendant; that the defendant stopped the work of building the fence, tore down what had been built, and excluded the plaintiff from the land.

The plaintiff offered in evidence the judgment roll in the case against George Center, and the execution issued on the judgment, with the sheriff's return thereon. The defendant objected to the offered evidence, upon the

ground that it was irrelevant and immaterial. The court overruled the objection, and this ruling is assigned as error.

We think the ruling correct. The evidence became admissible in connection with the uncontradicted statement of John Center, and the whole testimony in the case very clearly justified the court in finding that the action was not barred.

The case should be remanded, with directions to the court below to amend the judgment by striking therefrom lots 1 and 2, and as so amended the judgment and order should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the cause is remanded to the court below, with direction to amend the judgment by striking therefrom lots 1 and 2, and as so amended the judgment will stand affirmed.