[S. F. No. 367. Department Two.—December 14, 1896.]

WILLIAM E. MILES, RESPONDENT, v. R. B. WOODWARD, APPELLANT.

MINING CORPORATIONS — ACT IMPOSING LIABILITY UPON DIRECTORS IN FAVOR OF STOCKHOLDERS — CONSTITUTIONAL LAW.— The act of 1880, which provides for the recovery of one thousand dollars liquidated damages against the directors of mining corporations in an action by a stockholder for a violation of its terms, is constitutional and valid.

ID.—DISCRIMINATION IN FAVOR OF FOREIGN CORPORATIONS—TRANSACTION OF BUSINESS.—The act of 1880 does not relate to the business of the corporation, nor impose burdens or restrictions upon domestic corporations in the conduct of their business, from which foreign corporations are relieved, within the prohibition of section 15 of article XII of the constitution.

ID. — SPECIAL LAW — CONSTRUCTION OF STATUTE.—The act of 1880 is not unconstitutional as being a special law, but is to be construed as applying to all mining corporations, and not merely to those which produce bullion from gold or silver bearing ores or quartz.

ID.—ACTION BY STOCKHOLDER—PLEADING—WILLFUL FAILURE OF DIRECTORS —DEFENSE—EXCULPATION.—In an action by a stockholder against the directors, it is sufficient for the plaintiff, in order to establish a *prima facie* case, to aver and prove a neglect, failure, or refusal of the directors to comply with a specified provision of the act, and it is not necessary that the complaint should charge, or that plaintiff should prove, a willful failure or refusal; but it is incumbent upon the defendants to show that the failure was not willful, and they must set forth and prove facts or circumstances of exculpation as matter of defense.

ID.—FAILURE TO POST SUPERINTENDENT'S REPORTS—INSUFFICIENT PROOF. In an action by a stockholder against the directors of a mining corporation for alleged failure to post the weekly reports of the superintendent, the introduction in evidence of certain papers appearing to be reports made by the superintendent of the mine to its secretary, not accompanied or followed by proof to show that they were in fact the superintendent's reports, or that they were the only reports which the directors caused to be posted, is insufficient to sustain the burden of proof resting on the plaintiff to show the violation of the statute, nor were such reports generally admissible without further proof to overcome the effect of defendant's denial of the plaintiff's charges; nor can matter of proof not appearing in the statement be considered upon appeal.

ID.—INCONSISTENT DEFENSES — DENIAL — MATTER OF EXTENUATION —ADMISSIONS.—The defendants have a right to plead inconsistent defenses, and the effect of a denial in one defense is not waived by the setting up of affirmative matter of extenuation in another defense, nor can the admissions made in the affirmative defense relieve the plaintiff from the necessity of proving matters denied.

ID.—AMENDED PLEADING — EVIDENCE — ADMISSIONS OF ORIGINAL PLEADING.—An amended pleading supersedes the original, and admissions made in the original pleading cannot thereafter properly be introduced in evidence against the party who made them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court.

*E. S. Pillsbury* and *F. D. Madison*, for Appellant.

The act of April 23, 1880, regarding mining corporations is unconstitutional and void, being special legislation.   (Const., art. I, sec. 11; *Souter* v. *Sea Witch*, 1 Cal. 162; *Chase* v. *Curtis*, 113 U. S. 452; *Irvine* v. *McKeon*, 23 Cal. 472; *People* v. *Central Pac. R. R. Co.*, 105 Cal. 576; *Bruch* v. *Colombet*, 104 Cal. 347; *Ex parte Westerfeld*, 55 Cal. 550; 36 Am. Rep. 47; *Brooks* v. *Hyde*, 37 Cal. 366; *French* v. *Teschmaker*, 24 Cal. 518; *Bloss* v. *Lewis*, 109 Cal. 493; *Market Street Ry. Co.* v. *Hellman*, 109 Cal. 571.) It is also unconstitutional because it allows corporations organized outside the limits of this state to transact business within this state on more favorable conditions than similar corporations organized under the laws of this state.   (Const., art. VII, sec. 15; *San Francisco* v. *Liverpool etc. Ins. Co.*, 74 Cal. 113; 5 Am. St. Rep. 425.) The complaint should have alleged that the failure of the directors to have the reports made and posted was willful or intentional.   (*Eyre* v. *Harmon*, 92 Cal. 580; *Spring Valley Water Works* v. *San Francisco*, 82 Cal. 286; 16 Am. St. Rep. 116; *Green* v. *Palmer*, 15 Cal. 411; 76 Am. Dec. 492; *Schallert etc. Co.* v. *Neal*, 91 Cal. 362; *Chase* v. *Curtis, supra; Bruce* v. *Platt*, 80 N. Y. 379.)   The original answer of appellant should not have been admitted upon the trial as evidence against him.   (*Mecham* v. *McKay*, 37 Cal. 154; *Ponce* v. *McElvy*, 51 Cal. 222; *Pfister* v. *Wade*, 69 Cal. 133; *Wheeler* v. *West*, 71 Cal. 126.)

*C. H. Wilson*, for Respondent.

The act in question is constitutional and valid. (*Hewlett* v. *Epstein*, 63 Cal. 184; *People* v. *Henshaw*, 76 Cal. 436; *Ex parte Smith*, 38 Cal. 702; *Smith* v. *Judge Twelfth District*, 17 Cal. 548; *Corwin* v. *Ward*, 35 Cal.

198; 95 Am. Dec. 93; *Jackson* v. *Shawl*, 29 Cal. 267; *Ex parte Andrews*, 18 Cal. 679; *Bourland* v. *Hildreth*, 26 Cal. 162; *French* v. *Teschmaker*, 24 Cal. 518; *Brooks* v. *Hyde*, 37 Cal. 366; *People* v. *Central Pac. R. R. Co.*, 43 Cal. 398; *Shanklin* v. *Gray*, 111 Cal. 88.) The laws of one state can, by their own vigor, have no extraterritorial force in another state. (*Bank of Augusta* v. *Earle*, 13 Pet. 519; *Day* v. *Newark India-Rubber etc. Co.*, 1 Blatchf. 628; *Railway* v. *Wheeler*, 1 Black, 286; 6 Thompson on Corporations, sec. 7904.) It was not necessary for plaintiff to plead and prove that the failure to make and post the reports was willful on the part of the defendant director. (Code Civ. Proc., sec. 1463; Pen. Code, sec. 7; *Shanklin* v. *Gray, supra.*) No injury was done to defendant by the admission of the original answer in evidence, and the judgment ought not to be reversed, as there could be no different result on a new trial. (*Estate of Spencer*, 96 Cal. 448; *Smith* v. *Compton*, 6 Cal. 24; *Larco* v. *Caseneuava*, 30 Cal. 560; *Aguirre* v. *Alexander*, 58 Cal. 21.)

HENSHAW, J.—Appeals from the judgment and from the order denying a new trial.

Plaintiff, a stockholder of the Bodie Consolidated Mining Company, a corporation organized and existing under the laws of the state of California, brought this action against defendant, a director of said corporation, to recover one thousand dollars liquidated damages for a violation of the provisions of the act of April 23, 1880. (Stats. 1880, p. 400.) The violation complained of was the alleged failure, refusal, and neglect of the directors of the corporation to make, or cause to be made and posted and filed the weekly reports of the superintendent, as required by the act.

1. It is first contended that the act in question is unconstitutional for the reason that it operates only upon domestic corporations, and thereby allows foreign corporations to transact business within this state upon more favorable conditions than are prescribed by law to similar corporations organized under the laws of this

state, in violation of article XII, section 15, of the constitution. But the act, as its title declares, is an act designed for the " better protection of the stockholders in corporations formed under the laws of the state of California, for the purpose of carrying on and conducting the business of mining." The statute is in its nature both penal and remedial. It is directed to the internal affairs of the corporation, and not to its outside dealings or to the conduct of its business. The constitution was not designed to limit the powers of the legislature when dealing with the organization and government of corporations which are created by its own will and act. Over such corporations it has and may exercise full powers of control. Over the organization and internal government of foreign corporations it has no such powers. The laws of the state do not have extraterritorial force. It would be meaningless for this state to try to legislate upon the internal affairs of such foreign corporations, and it has not attempted to do so. The law is designed to protect stockholders of domestic corporations, and to that end has declared that the directors of those corporations, the conduct of whose internal affairs is subject to the control of the legislature, shall do specific acts under a prescribed penalty for their failure and refusal. It does not, therefore, relate to the business of the corporation, nor impose burdens or restrictions upon domestic corporations in the conduct of their business from which foreign corporations are relieved, but pertains as exclusively to corporate management as do the code provisions relating to the organization and conduct of savings and loan corporations, street railroad corporations, and all corporations whose internal affairs are more or less carefully regulated by the laws of the state.

2. It is next contended that the act in question is unconstitutional as being a special law. Herein the argument is that a reading of the act discloses that it is made to apply: 1. Only to mining corporations which produce bullion, or corporations organized for the pur-

pose of gold or silver mining; 2. That it applies only
to such of those corporations as produce bullion from
gold or silver bearing ores or quartz; that it is, there-
fore, special in that it does not apply to domestic corpora-
tions engaged in the mining of copper, lead, quicksilver,
or of gold obtained by drift or hydraulic mining.
Against this objection respondent urges the authority
of the case of *Hewlett* v. *Epstein*, 63 Cal. 184. But in
that case the sole argument pressed upon the attention
of the court was that the act in question was unconsti-
tutional because it applied to mining corporations alone,
and not to all corporations. The language of the opinion
in briefly disposing of this contention in a single sen-
tence cannot justly be considered as conclusive of the
question upon this new and distinct attack. Of the
numerous cases in which judgment has been obtained
under this act, and appeals taken to this court, *Hewlett*
v. *Epstein, supra,* is the only one in which the constitu-
tionality of the act was raised. The consideration of
the question thus presented is, therefore, not foreclosed
by any of the adjudicated cases.

If the construction which appellant puts upon the
act, viz., that it applies only to those mining corpora-
tions which extract gold or silver from ores and quartz,
were to be accepted as the true one, his attack upon the
constitutionality of this law as being arbitrary special
legislation would certainly be powerful, if not irresist-
ible. But we cannot agree to that interpretation. The
act provides for the doing of many things by the officers
and agents of all mining corporations. Some of the
things required to be done, such as keeping a complete
set of books showing all receipts and expenditures of
the corporation, the source of such receipts and objects
of such expenditures, and all transfers of stock, are acts
which may be performed by, and the doing of which is
therefore properly imposed upon, all mining corpora-
tions. The provision requiring the superintendent to
report weekly the number of men employed by him,
and the rate of wages paid to each, likewise applies

all mining corporations. The superintendent is also required to report the amount of ore extracted, and from what part of the mine taken, the amount sent to the mill for reduction, and its assay value. These requirements from their nature apply only to those mining corporations which extract the precious metal from ores, but they apply to all such corporations, and are as general as from the varying character of mining corporations and of their operations they could be made. The requirement that the superintendent shall certify to the amount of bullion shipped to the office of the company or retained by him applies not only to corporations which extract gold or silver from ores, but equally to those which extract it by the methods of placer or hydraulic mining. In short, in the general scheme contemplated by the statute there are found many provisions applicable in their terms to all mining corporations, and others applicable only to such mining corporations as extract the precious metals from ores.

But the law does not lose its general characteristic nor fail of uniformity of operation because it requires all corporations to report all the ores mined by them, so long as it requires all of those which mine precious ores to make such report. The very fact that gold is obtained sometimes by hydraulic mining as free gold, and at other times by crushing quartz, shows the reason for the added provisions requiring the superintendent to report the nature and extent of new ore discoveries.

3. Appellant further contends that the trial court erred in overruling his demurrer to the complaint. The complaint averred in precise terms that the defendant directors, "disregarding their duty and obligation, and the rights of the plaintiff in the premises, on and at all the times and during all the weeks and periods herein mentioned, did entirely fail, refuse, and neglect to make, or cause to be made, and posted or filed, the weekly reports of the superintendent required to be made, etc." It is alleged that this complaint is defective in not averring that the failure of the directors was

willful and intentional, and in this regard the case of
*Eyre* v. *Harmon*, 92 Cal. 580, is relied upon. In that
case it is said: "In order to justify a recovery it must
appear that there has been an intentional disregard of
the law, a willful neglect to comply with its require-
ments." And it is argued that as a party must allege
every material fact which he is required to prove, and
will be precluded from proving any fact not alleged
(*Spring Valley Water Works* v. *San Francisco*, 82 Cal.
286; 16 Am. St. Rep. 116) the complaint, in this particu-
lar, is defective. In *Eyre* v. *Harmon*, *supra*, the court
was not considering the sufficiency or insufficiency of
a pleading. When it used the language quoted and
relied upon, it was considering the question whether,
upon proof of the directors' failure, they could be ex-
culpated and relieved from the penalty by any showing
whatsoever, and it was said, as a matter of common
right and justice, that the law did not mean to exact
impossibilities of them, nor to punish them under a
penal statute for an act beyond their power to perform;
that, therefore, they were liable only for a willful and
intentional failure. "Impossibilities," it is further said,
"are not required of them, but only that they shall in
good faith direct this officer, who is at all times subject
to their control, to obey the positive requirements of the
law in the matter of these reports." The statute says:
"In case of the failure of the directors to have the re-
ports and accounts current made and posted, as in the
first section of this act provided, they shall be liable."
The averment here made goes further than the language
of the statute, for it is alleged that the directors did en-
tirely fail, refuse, and neglect to make or cause to be
made and posted the report. Upon proof following this
averment of their failure, or of their refusal, a *prima
facie* case against the directors is established. It is not
incumbent upon the plaintiff under this statute to show
that their failure was willful. It is a matter of defense
for the directors to prove that it was not. The opinion
in *Eyre* v. *Harmon, supra*, is to be read in connection

with that of *Schenck* v. *Bandmann,* 81 Cal. 231, where, discussing the same question, it is said: "It may be that under possible circumstances the directors of a corporation, when they have failed to comply strictly with the law, should be held excused. For example, the president or secretary, or both of them, might be taken sick and die, rendering it impossible for the account to be made, verified, and posted in time. But, if so, the facts must be within the knowledge of the directors who are sued, *and should be set forth and proved.*" It is here made plainly apparent that, the failure being shown, circumstances of exculpation are matters of defense.

4. Plaintiff, over the objection and exception of defendants, introduced in evidence certain papers appearing to be reports made by the superintendent of the mine to its secretary. No evidence preceded, accompanied, or followed the admission of these papers to show that they were in fact the superintendent's reports, or that they were the only reports which the directors caused to be posted. Upon all these matters no light is shed, and, so far as the record speaks, they are but fugitive sheets of no meaning or import. Respondent contends, however, that by reason of matters not appearing in the statement, they were offered as being the reports, and the only reports, received and posted by the directors. This assertion cannot, of course, be considered. He further contends that the admissions of the answer relieve from the force of appellant's objection. The answer, however, contained two separate and distinct defenses. By the one, defendant rested upon a denial of a violation of the statute. By the other, defendant averred matters of extenuation, excuse, and defense, and ended by setting forth certain reports of the superintendent, which it was alleged the directors caused to be posted, and which are identical in form with those admitted in evidence.

But under our system a defendant may plead any and all his defenses, and they may be inconsistent the one

with the other. (Code Civ. Proc., sec. 441; *Buhne* v. *Corbett*, 43 Cal. 264.) And the effect of a denial in one defense is not waived by the setting up of affirmative matter in another defense. (*Billings* v. *Drew*, 52 Cal. 565.) It was, therefore, incumbent upon plaintiff to prove defendant's violation of the statute, and this his evidence, as disclosed by the record, unquestionably fails to do. For the reports which were offered were not generally admissible against defendant to overcome the effect of his denial of plaintiff's charges. (*Miller* v. *Chandler*, 59 Cal. 540; *Dillon* v. *Center*, 68 Cal. 561.)

5. Defendant's original answer had been superseded by an amended pleading. Over defendant's objections portions of his original answer containing admissions were admitted. This was error. (*Mecham* v. *McKay*, 37 Cal. 154; *Ralphs* v. *Hensler*, 114 Cal. 196.)

The judgment and order are reversed and the cause remanded for a new trial.

TEMPLE, J., and McFARLAND, J., concurred.

Hearing in Bank denied.