[S. F. No. 2139.   Department One.—April 10, 1902.]

# W. J. HAYES, Appellant, v. SILVER CREEK AND PANOCHE LAND AND WATER COMPANY, Respondent.

APPEAL FROM JUDGMENT—DATE OF ENTRY—AMENDMENT.—Where the judgment is amended, the date of the amendment must be taken as the true date of entry for the purpose of appeal; and an appeal taken within six months after that date is not too late, though taken more than six months after the entry of the original judgment.

ID.—WATER RIGHTS—PRESCRIPTION—ESTOPPEL—ABSENCE OF FINDING.— In an action to determine water rights, the defendant's plea of prescription and of an estoppel *in pais,* cannot be supported in the absence of a finding that some definite quantity of water was diverted by the defendant.

ID.—DEFECTIVE ANSWER—INCONSISTENT JUDGMENT.—An answer denying the diversion of any of the waters of the creek, except flood waters, or that defendant interfered with plaintiff's use of them, is inconsistent with a judgment adjudging that the defendant is the owner of an amount of water largely in excess of all the water in the creek except in times of flood.

ID.—CONSTRUCTION OF VERIFIED ANSWER.—A sworn plea of prescription and estoppel alleging a diversion and use of the waters of the creek, cannot be construed as alleging the diversion of all the waters, in conflict with the sworn denial that the defendant diverted all the waters of the creek. Inconsistent pleading cannot be allowed in a verified answer.

ID.—DEFEAT OF PLAINTIFF'S ACTION—ABSURD RESULT—RECOVERY OF WATERS NOT DIVERTED.—The defendant's denial of the diversion of all the water of the creek, having been found by the court to be true, it would be an absurd result for the defendant to defeat the action by such denial, and at the same time to recover the waters not diverted, on the ground of adverse user, or on the ground that the plaintiff had stood by and allowed the defendant to divert all the water without objection.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. J. R. Webb, Judge.

The facts are stated in the opinion.

W. P. Thompson, and M. K. Harris, for Appellant.

Frank H. Short, and Briggs & Hudner, for Respondent.

SMITH, C.—The plaintiff is the owner of land through which there flows a natural watercourse known as Panoche Creek. The defendant—which is also a riparian proprietor —constructed, in the bed of the creek, above the plaintiff's land, a dam, and over his land a ditch, by which portions of the waters of the creek are diverted. The suit was brought to enjoin the diversion of the water by the defendant, and for the abatement of the dam and ditch, and for damages. Judgment was entered for the defendant, adjudging him to be the owner and entitled to the possession and use of the dam and ditch in question, and also of the waters of the creek to the full extent of six thousand inches, measured under a four-inch pressure. The plaintiff appeals from the judgment and from an order denying his motion for new trial.

The preliminary objection is made by respondent that the appeal from the judgment was taken too late, but this is obviously untenable. The original judgment was, indeed, entered December 1, 1897, and the notice of appeal filed June 2, 1898,—one day over six months thereafter. But the judgment was amended December 27, 1897, and the latter must be taken as the true date of entry. (*Mann* v. *Haley,* 45 Cal. 63; *Bixby* v. *Bent,* 59 Cal. 532.)

The complaint contains two counts,—the one relating to the diversion of the water of the creek by the defendant,. the other to the ditch maintained by it on the plaintiff's land. With regard to the latter, it appears from the findings and the evidence that the ditch was constructed under a written grant of right of way made by the plaintiff to defendant, December 4, 1891; and also that plaintiff's second cause of action was barred by the judgment in a former suit brought by the defendant here against the plaintiff, adjudging that the former (then plaintiff) "was the owner of said canal, and entitled to the possession and use of the same," and of the right of way. No attack is made in the appellant's brief on this part of the findings and judgment, which, indeed, are unassailable. The question before us, therefore, relates exclusively to the issues raised by the first count of the complaint, and the answer thereto; on which it is adjudged that plaintiff take nothing by his action, and that defendant is the owner of six thousand inches of the waters of the creek,—an

amount largely in excess of all the water in the creek, except in times of flood.

With regard to the plaintiff's cause of action, it is denied in the answer that the defendant has ever diverted "all the waters of the creek, or any of the waters thereof, except . . . flood waters," or that it has ever "prevented . . . plaintiff from using said . . . water . . . or . . . interfered . . . with the use of said water by the plaintiff"; and it is further alleged that defendant is the owner of land riparian to the creek, aggregating 1,080 acres, and by reason thereof entitled to the use of the water. On these allegations the findings of the court are in favor of the defendant, and with an immaterial exception are not attacked in the specifications. The judgment against him on his own cause of action was therefore right. The finding objected to is, that the plaintiff is riparian proprietor as owner of lot 2 (part of his land only); and that it is not found that the other parts of his land are riparian,—as is clearly shown by the evidence. But in view of the conclusion reached, the error is immaterial.

With regard to that part of the judgment that adjudges the defendant to be the owner of six thousand inches of the water of the creek, this apparently rests upon the defendant's plea of prescription, and of the statute of limitations, or, as is claimed by respondent, on his plea of an estoppel *in pais.* But omitting other objections (which are numerous), it is clear that the conclusion of the court is unsupported either by the findings or by the allegations of the answer.

With regard to the findings, it is nowhere found that the defendant diverted the amount of water adjudicated to him, or any definite quantity. The only findings bearing on the point are, that "the defendant has . . . diverted . . . portions of the waters, and at times all the waters of the creek; that plaintiff has for many years used the water flowing in said creek to irrigate his said land," etc.; and that defendant "on or about the 14th day of December, 1891, diverted . . . the waters of said creek." It is obvious that, in the absence of a finding that some definite quantity of water was diverted, neither the plea of prescription nor that of estoppel can be supported. (*Riverside Water Co.* v. *Sargent,* 112 Cal. 230.)

The facts disclosed by the answer are equally defective. The defendant denies that it has ever diverted any of the

waters of the creek, except "the flood waters," or interfered with plaintiff's use of them, which is clearly inconsistent with the relief granted. The answer indeed alleges, in the plea of prescription, and in that of estoppel, that defendant "on or about the 14th day of December, 1891, diverted, appropriated, and used . . . the waters of [the] creek." But this, in connection with the other parts of its answer, cannot be construed as alleging the diversion of all the waters of the creek. Otherwise, it would be in conflict with defendant's denial that it had ever diverted any of the waters of the creek "except flood waters"; which in a sworn answer would be inadmissible. (*Hensly* v. *Tartar,* 14 Cal. 508; *Buhne* v. *Corbett,* 43 Cal. 264; *Bell* v. *Brown,* 22 Cal. 671.) Here the denial of the defendant that it diverted all the water of the creek is found by the court to be true, and it would be an absurd result for the defendant to defeat the plaintiff's action by successfully denying the diversion of the waters of the creek at ordinary stages, and at the same time to recover the waters he had not diverted, on the ground of adverse user, or on the ground that the plaintiff had stood by and allowed it to divert all the water without objection.

We advise that the judgment and order appealed from be reversed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Van Dyke, J., Harrison, J., Garoutte, J.

Hearing in Bank denied.