[Civ. No. 285. First Appellate District.—December 19, 1907.]

## THE SNIPSIC COMPANY, Respondent, v. JOS. SMITH, Appellant.

ACTION FOR GOODS SOLD—PLEADING—UNVERIFIED COMPLAINT BY ASSIGNOR—DEMURRER TO ANSWER IMPROPERLY SUSTAINED.—In an action for goods sold and delivered by plaintiff's assignor, where the complaint is unverified, and the answer specifically denies every allegation of the complaint, including the allegation of nonpayment, and of assignment to the plaintiff, and as a separate affirmative defense that defendant was fraudulently induced to sign the writing referred to in the complaint, a general demurrer to the answer, which did not demur to each separate defense, was improperly sustained.

ID.—CONSTRUCTION OF ANSWER—INCONSISTENT DEFENSES—ADMISSION IN ONE DEFENSE.—The defendant had the right to plead as many defenses as he had, though they may be inconsistent; and an admission made in the affirmative defense cannot qualify or affect the specific denials of the answer.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

J. E. McElroy, and James G. Quinn, for Appellant.

Howard K. James, for Respondent.

HALL, J.—This is an appeal from judgment rendered against defendant for failure to further plead after demurrer sustained to his answer.

The complaint states a cause of action for goods sold and delivered by plaintiff's assignor to defendant, and is unverified.

The answer sets up two defenses. The first specifically denies every allegation of the complaint, including the allegation of nonpayment and of the assignment to plaintiff.

As a separate defense defendant set up as affirmative matter that he was fraudulently induced to sign the writing referred to in the complaint.

The demurrer to the answer was a general demurrer to the entire answer, and not a demurrer to each separate defense.

As the first defense was separately pleaded, ending with a demand for judgment, it is difficult to see upon what theory the demurrer was sustained. The denials of the first defense present a perfect answer to the cause of action, and any admissions, if we assume that there are any in the second and separate defense, cannot be regarded as destroying the effect of such denials. (*Banta* v. *Siller,* 121 Cal. 414, [53 Pac. 935] ; *Nudd* v. *Thompson,* 34 Cal. 39 ; *Amador County* v. *Butterfield,* 51 Cal. 526; *Botto* v. *Vandament,* 67 Cal. 332, [7 Pac. 753] ; *McDonald* v. *Southern Ry. Co.,* 101 Cal. 206, [35 Pac. 643].)

In several of the above-cited cases the question arose upon a motion by plaintiff for judgment upon the pleadings; but such a motion presents for determination the same questions of law as are presented by a general demurrer to the answer. The defendant had the right to plead as many defenses as he had (Code Civ. Proc. 441), even though they were inconsistent with each other. (*Banta* v. *Siller,* 121 Cal. 414, [53 Pac. 935].)

The court erred in sustaining plaintiff's demurrer to defendant's answer, and the judgment is, therefore, reversed.

Cooper, P. J., and Kerrigan, J., concurred.