[Civ. No. 2648.   First Appellate District, Division One.—April 10, 1919.]

CLOVIS FRUIT COMPANY (a Corporation), Respondent, v. CALIFORNIA WINE ASSOCIATION (a Corporation), Appellant.

[1] SALES—OPTION TO CANCEL CONTRACT—EXERCISE WITHIN REASONABLE TIME.—Where a contract for the purchase of grapes provides that if the tax on brandy used in fortifying wines shall be increased from a given sum per. gallon, the purchaser might at its option terminate the contract by giving notice to that effect, and thereafter such tax is increased, the purchaser exercises its option to cancel the contract within a reasonable time where it gives the notice of cancellation two and one-half months before the commencement of the vintage season, or seven months after the occurrence of the event giving rise to the right of cancellation, where such delay is not for any unfair purpose and the growers have suffered no loss or prejudice because of such delay.

[2] ID.—WHEN TIME MATERIAL—OBJECT OF LAW.—Time is material in such cases so far only as, when associated with other circumstances, it may produce injury or unjust consequences.

APPEAL from a judgment of the Superior Court of Fresno County.   H. Z. Austin, Judge.   Reversed.

The facts are stated in the opinion of the court.

Pillsbury, Madison & Sutro, Alfred Sutro and A. D. Plaw for Appellant.

Short & Sutherland and Carl E. Lindsay for Respondent.

KERRIGAN, J.—Plaintiff, as assignor of twenty-two claims arising under as many separate contracts made by defendant with plaintiff's assignors for the purchase of grapes, brought suit against defendant for the alleged breach of the contracts. Plaintiff had judgment for $4,932.32, and defendant appeals.

The complaint consists of twenty-two separate causes of action. For the purposes of this appeal they may be said to be identical, as they grow out of similar action taken by defendant with regard to each of said contracts. The substance of each cause of action, of the answers thereto, and of the findings on the issues, is, it is conceded, correctly stated in defendant's opening brief, as follows: On a certain date plaintiff's respective assignor, mentioned in the particular cause of action, made an agreement with the defendant for the sale of the crops of wine grapes over a period of years at a fixed price per ton, grown on the respective vineyard of each assignor. In the vintage season of 1915, between August 15th and November 15th of that year, each respective assignor, it is alleged, raised and produced a certain tonnage of wine grapes, which he offered to deliver to defendant, but defendant refused to receive or to pay for the same. Each agreement is alleged to have been in full force and effect, and never to have been canceled, terminated, or ended. An assignment of each respective agreement to the plaintiff is alleged, and it is then alleged that plaintiff, by reason of the premises stated in each cause of action, has been damaged in a certain sum.

The answers to the causes of action may also, for the purpose of this appeal, be said to be identical. So far as material here, the issues raised by the answer may be stated as follows: Defendant denied that any assignor offered to deliver any of the 1915 grapes to it or that, in violation of the agreement, it refused to receive or pay for the grapes. It also denied that the agreement was in full force and effect or that it had not been canceled or terminated or ended.

As a further and separate defense it averred that in each contract sued on it is provided that, should the United States laws be so modified that the tax on brandy used in fortifying wine should be greater than six cents per proof gallon then the defendant might, at its option, cancel the contract by giving written notice of such cancellation to each respective assignor of plaintiff; that by the terms of the act of Congress of Octo-

ber 22, 1914, the United States laws were so modified that the tax on brandy used in fortifying was increased from six cents per proof gallon to fifty-five cents per proof gallon, and that on or about April 21, 1915, the commissioner of internal revenue of the United States ruled that on and after January 1, 1916, the tax on brandy used in fortifying would be increased to $1.10 per proof gallon, and that thereupon, and prior to the alleged tender of any grapes by each respective assignor of the plaintiff to the defendant, and prior to knowledge by the defendant of any assignment of the contract to plaintiff, defendant canceled or terminated the contract of each assignor by giving each assignor written notice of cancellation, and that each assignor accepted the notice and thereafter treated the contract as canceled or terminated and of no force or effect.

The trial was by the court, without a jury. The court found for the plaintiff and made findings in accordance with the allegations of the complaint; it also found the averments 'of the separate and special defense of the answer to be true, except that it found that the defendant did not give notice of cancellation of the contracts within a reasonable time after the act of October 22, 1914, was passed, and that the contracts were therefore not canceled but were in full force and effect.

At the trial plaintiff offered no evidence to sustain its allegation of a tender and offer of performance, taking the position that such evidence was unnecessary because of the fact that it appears from the matter set forth in defendant's further and separate defense that such an offer would have been futile. Against the objection of the defendant the court accepted this view, and at the conclusion of plaintiff's case denied defendant's motion for nonsuit. Thereupon in support of the allegations of its separate defense the defendant introduced evidence, from which it appeared that the plaintiff's various assignors had been given written notice, under date of June 1, 1915, of the cancellation of the contract.

It is conceded that an averment of performance will not be supported by proof of a legal excuse for nonperformance. (*Estate of Warner,* 158 Cal. 441, 445, [111 Pac. 352].) It is also conceded to be a general rule of pleading that a defendant may plead inconsistent defenses, and that where there are several answers, an admission made in one is not available to destroy the efficacy of the averments or denials of the

others. (*Miles* v. *Woodward,* 115 Cal. 308, [46 Pac. 1076].) These fundamental rules of pleading were ignored in the trial of this case, but the consequence of the failure to observe them, and several minor questions involving the correctness of rulings upon matters of evidence, need not be here considered in view of the conclusion we have reached on a question which goes to the merits of the case.

[1] The principal question raised by the appeal is whether or not the defendant within a reasonable time exercised its option to cancel the contracts after the occurrence of the event giving it the right to do so.

On this phase of the case the evidence is without conflict. Summarized, it shows that each of the contracts in question provided that if the tax on brandy used in fortifying wines should be increased from six cents a gallon, the defendant might at its option terminate the contract by giving notice to that effect; that by an act of Congress of October 22, 1914, the tax on such brandy was increased from six to fifty-five cents per proof gallon; that on June 1, 1915, defendant gave written notice of cancellation of the contract. The contracts called for deliveries of grapes for the years from 1913 to 1917. It was agreed that the vintage season each year is from August 15th to November 15th, from which it is evident that no delivery of grapes could be made before the first mentioned date.

What is a reasonable time in any case depends upon the circumstances of the particular case. (*Smith* v. *Pelton Water Wheel Co.,* 151 Cal. 394, [90 Pac. 934]; *Salmon Box Co.* v. *Helena Box Co.,* 147 Fed. 408, [77 C. C. A. 586].) In the case of *Colfax County* v. *Butler County,* 83 Neb. 803, [120 N. W. 444], it is held that a reasonable time, when no time is specified, is a question of law, and depends upon the subject matter and the situation of the parties.

[2] Time, in the abstract, is not essential. It is material so far only as, when associated with other circumstances, it may produce injury or unjust consequences. The great object of the rule of law on this subject is to prevent injury or wrong; and the main question in each case should be, Is, there any just cause, because of delay, to object to the cancellation? (*Hogan* v. *Tucker,* 116 Ky. 918, [77 S. W. 197, 199].) Here, while the notice of cancellation was given about seven months after the occurrence of the event giving rise to the right of

cancellation, it was yet two and one-half months before the commencement of the vintage or crushing season and about five months before its close; and there is no evidence in the record to show that any of plaintiff's assignors were prejudiced because the notice was not sooner given. No witness testified that had earlier notice been given the assignors of plaintiff could have disposed of their grapes to better advantage than they actually did. Uncontradicted evidence introduced by the defendant was to the effect that according to the custom in Fresno County (the place in which these contracts were to be executed) contracts for the sale of grapes are made each year during the vintage season; and, indeed, the first witness called by the plaintiff, one of its assignors, testified that he made no attempt to sell his 1915 crop of grapes until September of that year. For aught that appears in the record the defendant may have had a very good reason for not sooner giving the notice of cancellation, which reason may have related to the mutual interest of the parties. It certainly does not appear that the delay was for any unfair purpose. But however that may be, plaintiff cannot base its claim that the notice was not timely upon a mere surmise or some possibility which has no foundation in fact. To substantiate its position that the notices were not seasonably given, plaintiff must base the same upon some competent evidence showing the assignors of plaintiff to have been injured or to have suffered loss or prejudice. This the plaintiff has not done, and the finding of the trial court that the notice of cancellation was not given within a reasonable time is not sustained by the evidence.

The judgment is reversed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 9, 1919.

All the Justices concurred.