[Civ. No. 2784. First Appellate District, Division Two.—May 6, 1919.]

## HELEN B. CAMP, Administratrix, etc., Respondent, v. ELIZABETH JEWETT BOYD, Appellant.

[1] PLEADING—COMMON COUNTS—MONEY HAD AND RECEIVED—DE-MURRER.—A common count for money had and received is not subject to demurrer for uncertainty.

[2] MONEY HAD AND RECEIVED—ACTION FOR—UNDUE INFLUENCE—EVI-DENCE—NONSUIT.—Where an action for money had and received was tried upon the issue as to the undue influence exerted upon plaintiff's intestate by the defendant, and there was some evidence of undue influence, a motion for nonsuit was properly denied.

[3] ID.—EVIDENCE—UNDUE INFLUENCE—MENTAL CONDITION OF DE-CEDENT.—In such action, the claim being that the deceased was of weakened mentality by reason of his sickness, evidence of his mental condition was admissible upon the issue of undue influence.

[4] ID.—RULE OF DESCENT—DISPOSITION OF PROPERTY—PROPER IN-STRUCTIONS.—In such action, the giving of instructions that in case of intestacy the law fixes the method of distribution, and that in the case at bar the law would distribute the estate equally between the surviving wife and the two daughters, and that the jury might consider the disposition as being just or unjust, reasonable or unreasonable, as tending to throw light upon the question of whether undue influence was exerted upon the deceased, did not constitute prejudicial error, where they were given in connection with other instructions to the effect that while inequality in the disposition of property was not of itself evidence of unsoundness of mind or of undue influence, it might be considered as a circumstance, together with all other circumstances shown by the evidence bearing on the question of the weakness of mind of the decedent, or undue influence exerted upon him.

[5] INSTRUCTIONS—APPEAL—WAIVER OF OBJECTIONS.—Objections to instructions raised for the first time in appellant's reply brief will not be considered by the appellate court.

[6] VERDICT—CONFLICTING EVIDENCE—APPEAL.—Where the evidence is conflicting, the verdict of the jury is conclusive, in the absence of reversible error.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge. Affirmed.

---

1. Sufficiency of the common counts under the codes, note, 34 L. R. A. (N. S.) 364.

The facts are stated in the opinion of the court.

Robinson & Sizer, Ramsey Probasco and Albert B. Harris for Appellant.

E. S. Page and Edwin L. Camp for Respondent.

BRITTAIN, J.—Elizabeth Jewett Boyd, widow of Thomas Boyd, appeals from a judgment in favor of the administratrix of his estate for $4,186.50 and costs upon a complaint for money had and received.

Reverend Dr. Boyd, a Presbyterian clergyman, who had had some education as a lawyer, was a widower with two daughters. When his wife died in 1913 he was sixty-five years old. He had been a sufferer from nervous attacks and experienced a complete nervous breakdown upon her death. Because of his condition in 1914 he went to a sanitarium, where he met the defendant, who was twenty years his junior. In February, 1916, they were married. In October of that year he was stricken with paralysis. After a stroke of apoplexy on August 23, 1917, he died, from what was diagnosed in May of that year as a progressive and incurable disease of the brain, on August 28, 1917. He engaged in no active work after the death of his first wife, and spent a great deal of time between her death and his own in various sanitariums and in hotels under the care of physicians. He attended to certain matters of business, but after his second marriage usually through the mediation of his wife. He attended church when he was able and certain functions connected with his former activities. In March, 1917, his deposits in several banks were changed to joint accounts in the names of himself and his wife. At the same time one or more separate accounts in the name of the defendant were changed to joint accounts. There was a wide disparity between the amounts in the accounts, there being much more money in his accounts than in hers. Upon his death the defendant withdrew the money from the banks. One daughter, the plaintiff, and the defendant were appointed the administratrices of the estate. The daughter, as administratrix, sued the widow individually for the money so withdrawn from what had been Dr. Boyd's personal bank accounts. The trial was before a jury and upon its verdict judgment was rendered against the widow.

, A general and special demurrer to the complaint was over-ruled. Upon the contention that a common count must fall before a special demurrer for uncertainty, the appellant relies upon two cases—*Shade* v. *Sissons etc. Co.,* 115 Cal. 357, [47 Pac. 135], and *Minor* v. *Baldridge,* 123 Cal. 190, [55 Pac. 783]. In a later case the question was decided adversely to the appellant's contention. (*Pike* v. *Zadig,* 171 Cal. 273, [152 Pac. 923].) **[1]** A common count for money had and received is not subject to demurrer for uncertainty.

At the opening of the trial counsel for the plaintiff said the issues had been narrowed down to two: "(1) Did Dr. Boyd make a transfer of the money to Mrs. Boyd?" and (2) "At the time that transfer was made, was Thomas Boyd of sound mind; was that transfer obtained by means of undue influence exerted upon Thomas Boyd by this defendant?" At the close of plaintiff's case a motion for nonsuit was denied, and this is assigned as error. It is argued that by reason of the opening statement the only issue which the defendant was called upon to meet was that of unsoundness of mind, and that the plaintiff wholly failed to produce evidence upon that issue. It is further argued that since the court expressly took from the jury the issue of unsoundness of mind, there was no issue in regard to undue influence. The position of the respondent is that from the opening statement to the close of the trial, the plaintiff did not contend nor attempt to prove that Dr. Boyd was insane, but that his mentality was so weakened by sickness that he was subject to the undue influence of the defendant; that this position was clearly understood by the court and by counsel for the defendant; and that the case was tried upon this theory. The character of the grounds upon which motion for nonsuit was based supports this statement of the respondent's position. Nineteen specific grounds were assigned in support of the motion. Only two of them deal with the question of unsoundness of mind. Six of them were expressly directed to the claimed lack of evidence of undue influence. In denying the motion the court said that under all the circumstances testified to, and other testimony to be produced, he would allow the case to go to the jury upon one point only: "Did the defendant exercise undue influence over the decedent?" **[2]** The argument presented on this point is not that there was no evidence of undue influence, but that there was no such issue.

In view of the grounds specified for the motion it does not appear counsel for the appellant was not fully informed regarding that issue. The record shows that at the time the motion was made there was some evidence to support it. The motion for nonsuit was properly denied.

[3] Upon the issue of undue influence, the claim being that Dr. Boyd was of weakened mentality by reason of his sickness, evidence of his mental condition was admissible. (Civ. Code, sec. 1575, subd. 2; *Estate of Welch,* 6 Cal. App. 44, [91 Pac. 336].) It is argued the court erred in rulings upon evidence. One instance given in the brief of the appellant fails to show what objection was made or to refer to the page of the appendix upon which the objection appears. It does not appear, even if proper objection was made, that the jury was, or reasonably could have been, prejudiced by a statement of the plaintiff to the effect that her mother did her own work. The second objection is to the reply to a question addressed to a witness concerning the condition of Dr. Boyd's health. The witness said: "He never seemed to know exactly what he wanted to do. When we were riding he always rode with me on the front seat because the windshield protected him a little more. And I had many talks with him while we were riding." The attorneys moved to strike the answer out as not responsive. If the refusal of the court was error, it was of such a character as not to warrant the reversal of the judgment.

[4] Objection is made to certain instructions. In one the jury was informed in effect that in case of intestacy, the law fixes the method of distribution, and in this case the law would distribute the estate equally between the surviving wife and the two daughters. Three other instructions were to the effect that the jury might consider the disposition as being just or unjust, reasonable or unreasonable, as tending to throw light upon the question of whether undue influence was exerted upon Dr. Boyd. In the appendix to the appellant's brief a portion only of the instructions is given. From an examination of the typewritten record it appears that the instructions were clear, full, fair, and not unfavorable to the defendant. The instructions attacked were given in connection with other instructions to the effect that while inequality in the disposition of property is not of itself evidence of unsoundness of mind or of undue influence, it might be consid-

ered as a circumstance, together with all other circumstances shown by the evidence bearing on the question of the weakness of mind of the donor at the time the transfer was made, or undue influence exerted upon him at that time. Considered with all other instructions, it cannot be assumed that the defendant was prejudiced by these instructions, nor that the result of the trial would have been different if they had not been given. An instruction in regard to the rule of descent was similarly attacked, and has been upheld by the supreme court. (*Estate of Snowball,* 157 Cal. 315, [107 Pac. 598].)

[5] In the appellant's reply brief objections to certain other instructions are presented for the first time. The instructions as an entirety appear to have been correct. No reason is shown for considering objections to specific instructions not mentioned in the opening brief. Under such circumstances objections raised first in the reply brief will not be considered. (*Kahn* v. *Wilson,* 120 Cal. 643, [53 Pac. 24] ; *Hibernia Sav. & L. Society* v. *Farnham,* 153 Cal. 578, [96 Pac. 9].)

It is contended there was not sufficient evidence to support the verdict. The record is lengthy. On one side the evidence pictured an old man, sick and nervous, it is true, but attending to his business affairs, meeting his friends, writing personal letters, and of his own desire making provision for the future welfare of the wife who was assiduous in rendering affectionate attention to him during his sickness. On the other side, the picture is drawn of a man so shattered in mind and body as to be subject, as he expressed it, to brain-storms, unable alone to make any decision, not knowing what he wanted, dotingly fond of his daughters, anxious to make provision for them yet taking from them their patrimony, dominated by the second wife, and prevented by her from discussing privately his business affairs with his daughters or with others. There was some evidence of her direct interposition in his affairs without his knowledge and against his desire, particularly in the matter of an attempt to negotiate a sale of certain corporation stock owned by him, and later, upon the sale failing, to negotiate a loan upon the stock, in order, as it is claimed, that the proceeds of the sale or the loan might be added to the joint bank accounts, which, it was further claimed, were made available to her by reason of an influence so far in excess of that which may properly be exerted by a

wife as to be termed undue influence. [6] The most; that can be said on behalf of the appellant upon this phase of the case is that the evidence was conflicting, and, therefore, in the absence of reversible error, the verdict of the jury is conclusive.

The judgment is affirmed.

Langdon, P. J., and Haven, J., concurred.