[Civ. No. 3391.    Second Appellate District, Division Two.—September 14, 1921.]

CALEXICO LUMBER COMPANY (a Corporation), Respondent, v. SPRINGER EMERSON et al., Appellants.

[1] PLEADING — INCONSISTENT DEFENSES. — Inconsistent defenses may be pleaded by a defendant, and he may plead as many defenses as he may have, and the allegation of a fact in one defense of an answer will not operate to the disadvantage of the party making it, when the allegation is invoked against him on the trial, of an issue presented by a denial in a separate defense of the existence of the same fact.

[2] CONVERSION—LATHS—INSUFFICIENCY OF EVIDENCE.—In this action for the conversion of laths, the evidence is insufficient to support the finding of conversion.

[3] BILL OF EXCEPTIONS—STATEMENT OF EVIDENCE.—A bill of exceptions need not purport to contain all the evidence bearing upon the point made by the appellant, as the moving party is only required to set forth so much of the evidence as may be necessary to explain the points specified, and when settled, it will be presumed that it contains all the evidence necessary to be stated.

[4] APPEAL—POINT FIRST PRESENTED IN CLOSING BRIEF.—A question ordinarily will not be considered by a court of review if it be presented for the first time in a closing brief.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

H. E. Gleason for Appellants.

Ault & Anderson for Respondent.

WORKS, J.—This is an action of conversion. The plaintiff had judgment and the defendants appeal.

The first point made by appellants is that the evidence is insufficient to support the court's finding of conversion. The property involved in the action consisted of 556 bundles of laths, and the parties had already had a contest over the same property in an action of replevin. In that action, which, for convenience, will be referred to henceforth as the replevin action, the defendants in this action, appellants also, were plaintiffs, and *vice versa.* The replevin action resulted peculiarly, in this, that the judgment was that the plaintiffs take nothing, but it did not require a delivery of the laths to the defendant, assuming for the present that at the commencement of the action the plaintiffs took possession of them from the defendant, as, of course, they had the right to do in an action of replevin.

In the present cause the appellants allege in their answer that in the replevin action they, as plaintiffs therein, took the laths into their possession under the appropriate provisions of the Code of Civil Procedure. Respondent points to this allegation as one of the steps leading to the finding of conversion, insisting that it is an admission against the interest of appellants. Appellants, in turn, contend that the allegation cannot be so considered. The answer is composed of two separate defenses, the first one, in which the allegation in question is contained, being that respondent is estopped to maintain the present action for the reason that the question of the possession of the laths was litigated, or could have been litigated, in the replevin action. The second defense consists of specific denials of various averments of the complaint. Appellants' contention that the allegation of the taking of the laths in the replevin action, pleaded in the first defense of the answer in this action, cannot be considered as an admission is based upon the fact that in the second defense of the answer they specifically deny the taking. The denial is, in terms, that they "or either of them, wrongfully or otherwise, took, carried away, converted, and disposed of to their own use or the

use of either of them, or took, carried away, converted, or disposed of to their own use or the use of either of them, said bundles of laths, or any part thereof." Appellants say in their brief: "If respondent relied upon proving a conversion by showing that the appellants took the lath in the former action, . . . it was just as incumbent upon respondent to prove the taking in that action as if the answer contained only the defense consisting of denials, and the affirmative defense was omitted therefrom." They then cite *Billings* v. *Drew*, 52 Cal. 565, and *Light* v. *Stevens*, 8 Cal. App. 74, [103 Pac. 361], to the effect that affirmative matter pleaded in one defense in an answer does not operate as a waiver of a denial contained in another defense. [1] This rule is based upon the principle that inconsistent defenses may be pleaded by a defendant, or, to use the language of some of the cases and of the code (Code Civ. Proc., sec. 441), a defendant may plead as many defenses as he may have. In addition to the cases cited by appellant, we refer to *Miller* v. *Chandler*, 59 Cal. 540; *Dillon* v. *Center*, 68 Cal. 561, [10 Pac. 176]; *McDonald* v. *Southern California Ry. Co.*, 101 Cal. 206, [35 Pac. 643]; *Meyers* v. *Merillion*, 118 Cal. 352, [50 Pac. 662]; *Banta* v. *Siller*, 121 Cal. 414, [53 Pac. 935]; *Butler* v. *Delafield*, 1 Cal. App. 367, [82 Pac. 260]. These additional authorities are mentioned for the reason that the decisions in this state were not formerly in harmony on the question. In *Bell* v. *Brown*, 22 Cal. 671, there is a *dictum* at variance with the principle of the cases just cited, and the language of that case, at least, was applied in *Hayes* v. *Silver Creek etc. Co.*, 136 Cal. 238, [68 Pac. 704]. Although the *dictum* in *Bell* v. *Brown* is apparently in accord with the rule in many of the other states (note to *Seattle National Bank* v. *Jones*, 48 L. R. A. 177, 188, and note to *Susznik* v. *Alger Logging Co.*, Ann. Cas. 1917C, 704, 712, 713), the language of that case, in so far as it may conflict with the views we express in this opinion, has been directly repudiated by *McDonald* v. *Southern California Ry. Co., supra,* and *Banta* v. *Siller, supra,* and that language is inconsistent, as well, with the cases cited by counsel and with the additional cases cited by us above. *Hayes* v. *Silver Creek etc. Co.* seems to present an instance of inconsistent allegation and denial within the confines of a single defense.

There are many cases in this state containing expressions at variance with the *dictum* in *Bell* v. *Brown*, but in which the allegations and denials under consideration appear not to have been of the directly contradictory character which evidenced those advanced in that *dictum*. Those other cases apparently present allegations and denials inconsistent by implication of law rather than inconsistent in fact, the latter having been the nature of those discussed in *Bell* v. *Brown*. In order that the profession may have the history of this interesting question collated in one place, we present a list of the cases referred to: *Willson* v. *Cleaveland*, 30 Cal. 192; *Siter* v. *Jewett*, 33 Cal. 92; *Nudd* v. *Thompson*, 34 Cal. 39; *Buhne* v. *Corbett*, 43 Cal. 264; *Botto* v. *Vandament*, 67 Cal. 332, [7 Pac. 753]; *Eaton* v. *Metz*, 5 Cal. Unrep. 59, [4 Pac. 947]; *Miles* v. *Woodward*, 115 Cal. 308, [46 Pac. 1076]; *Ball* v. *Putnam*, 123 Cal. 134, [55 Pac. 773]; *Snipsic Co.* v. *Smith*, 7 Cal. App. 150, [93 Pac. 1035]; *Shepherd-Teague Co.* v. *Hermann*, 12 Cal. App. 394, [107 Pac. 622]; *Tustin Packing Co.* v. *Pacific Coast F. A. Co.*, 21 Cal. App. 274, [131 Pac. 338]; *Cass* v. *Rochester*, 174 Cal. 358, [163 Pac. 212]; *Clovis Fruit Co.* v. *California Wine Assn.*, 40 Cal. App. 623, [181 Pac. 229]; *Globe Grain & M. Co.* v. *Drenth*, 41 Cal. App. 604, [183 Pac. 285]; *Newark Trust Co.* v. *Kriebel*, 49 Cal. App. 614, [193 Pac. 962].

It is undoubtedly the settled law in this state that the allegation of a fact in one defense of an answer will not operate to the disadvantage of the party making it, when the allegation is invoked against him on the trial, in the same action, of an issue presented by a denial in a separate defense of the existence of the same fact. Therefore, the affirmative allegation in question here cannot be considered as an admission against the interest of appellants, nor as a support to the finding of conversion.

[2] Respondent sees in the testimony of its president a basis for the finding of conversion. The witness said, on direct examination, that the laths "were delivered to the representative of Mr. Emerson on the order of the sheriff." This statement was but a conclusion, and a motion was immediately made to strike it out on that ground, but the court made no ruling upon the question. If we leave this state of the record out of consideration, however, and

ascribe any weight whatever to the statement, an inspection of the remainder of the direct examination and of the cross and redirect examinations demonstrates that it was without foundation. On direct examination the witness testified that the laths were "hauled away and used in the construction of the Emerson Building." If we indulge the wholly gratuitous assumption that this building was the property of appellants, we are met by the statement of the witness on cross-examination that he knew only that the person who took the laths away left in the direction of the Emerson Building. On that examination he also said that he did not know of his own knowledge that the material was used in the construction of the building; that, so far as he knew, it might have gone into that building and it might not; and that the laths were taken away by a son of appellant Springer Emerson and of the deceased Mary A. Emerson, but that he, the witness, did not know whether or not the son was a deputy or employee of the sheriff, or whether or not he was an agent or representative of his parents. The cross-examination and redirect examination of the witness show that he had no knowledge upon the question whether the taking of the laths had any connection with the replevin action. We are satisfied that the record shows no support for the finding of conversion.

[3] Respondent contends that the bill of exceptions contained in the record cannot be considered because it does not purport to contain all the evidence bearing upon the point made by appellant, and cites *Moore* v. *Tice,* 22 Cal. 513. The opinion in that case does contain language indicating that a statement of the case or bill of exceptions must show affirmatively that it contains all the evidence touching questions presented on appeal. It was said, however, in *Abbey Homestead Assn.* v. *Willard,* 48 Cal. 614: "The moving party is required to set forth so much of the evidence (and no more) as may be necessary to explain the points specified in his statement or bill of exceptions; and when such statement or bill of exceptions is settled, it will be presumed that it contains all the evidence given in the cause, which was necessary to be stated, in order to explain the points specified; and that it would not have presented a different case in respect to the specified points, had it contained, also, the omitted evidence. It is desirable

that counsel shall consider this point as settled." This rule has since been followed in many decisions, several of which are noted in *Polkinghorn* v. *Riverside P. C. Co.*, 24 Cal. App. 615, [142 Pac. 140].

[4] Relying on the rule that a demand for the return of converted property is necessary where the conversion results after possession has been rightfully acquired, appellants insist for the first time in their reply brief that a reversal of the judgment must result for the reason that there was no such demand in this action. We have not considered this point. A question ordinarily will not be considered by a court of review if it be presented for the first time in a closing brief (*Glasspoole* v. *Pacific Lumber Co.*, 22 Cal. App. 338, [134 Pac. 349]; *Camp* v. *Boyd,* 41 Cal. App. 83, [182 Pac. 60]).

Judgment reversed.

Finlayson, P. J., and Craig, J., concurred.