[S. F. No. 5462.    Department One.—March 21, 1911.]

## J. H. LOGAN, Appellant, v. D. R. GUICHARD, LOUISE E. GUICHARD et al., Respondents.

WATER-RIGHTS—ACTION TO ABATE DITCH AND ENJOIN DIVERSION—PRESCRIPTIVE CLAIM BY DEFENDANTS TO THREE INCHES SUSTAINED—FAILURE OF PROOF—REVERSAL.—Where, in an action to abate a water-ditch maintained by defendants on plaintiff's land, and to enjoin the diversion of water through the same, defendants claimed a prescriptive right to maintain the same and to divert three inches of water from a creek through the same to his riparian lands, and that plaintiff had diverted the waters of the creek to non-riparian lands, to defendants' damage, and the judgment was for defendants as claimed, it is held that, regardless of other questions, the judgment must be reversed, for the want of any definite proof as to the amount which defendants were entitled to divert, or as to the extent of their actual diversion of water by means of said ditch.

ID.—PRESCRIPTIVE TITLE TO DIVERT WATER ABOVE BOUNDARY—FINDING
OF QUANTITY SUSTAINED BY EVIDENCE ESSENTIAL.—In the absence
of a finding of the actual diversion of some definite quantity of
water, sufficiently supported by evidence, the plea of prescriptive
right to take the water above the boundary must necessarily fail.

ID.—INDEFINITE JUDGMENT FOR "THREE INCHES OF WATER"—MINER'S
INCHES SHOULD BE EXPRESSED AND PROVED—MEANS OF PROOF.—The
judgment for "three inches" of water was indefinite. The number of
"miner's inches," as defined by the act of March 23, 1901, should
be expressed and proved. To show the number of "miner's inches"
there should either be evidence of a measurement according to some
prescribed method, or a showing of the fall at the point of diver-
sion and the grade of the ditch, as evidence of facts upon which a
definite calculation of the quantity diverted could be made to jus-
tify a decree for defendants.

ID.—SUFFICIENCY OF EVIDENCE AS TO PRESCRIPTIVE TITLE TO DITCH.—It
is held that the evidence was sufficient to support a conclusion that
the husband and wife defendants have acquired by prescription the
right to maintain the ditch constructed by them on plaintiff's land
for the purpose of diverting from the creek above, and conducting
to their riparian land, whatever quantity of water they continuously
used through their ditch.

ID.—CONSTRUCTION OF DITCH WITH CONSENT OF FORMER OWNER—CIR-
CUMSTANCES WARRANTING PRESCRIPTIVE TITLE.—Although it ap-
pears that the ditch was originally constructed in 1897 with the
consent of the former owner of the land, yet, the circumstances
under which the permission was given are sufficient to constitute a
basis for a claim of right of the husband and wife, defendants,
permanently to maintain such ditch, where it appears that such
maintenance was thereafter, as against such owner and his grantee,
to their knowledge, and all other purposes, open, notorious, under a
claim of right, adverse and uninterrupted, for the period of pre-
scription.

ID.—SOLICITATION OF WAIVER OF OTHER RIPARIAN RIGHTS—RIGHT TO
PREVENT USE OF DITCH NOT ACKNOWLEDGED.—The promise by the
husband, made at the solicitation of the plaintiff, before the statute
of limitations had run, to get his wife, in whose name their property
stood, to surrender all rights as riparian owner in the stream except
such as they exercised by means of the ditch, which waiver was not
secured, does not compel the conclusion of the acknowledgment of
any right in the plaintiff to prevent the use of the ditch or the diver-
sion of water through the same.

ID.—MISTAKEN BELIEF OF RIGHTS OF PARTIES AS TO CONDEMNING RIGHT
OF WAY NOT PRECLUDING PRESCRIPTION.—Evidence that the former
owner of the land and the husband, when the ditch was constructed,
mistakenly believed that the husband and wife could as riparian
owners obtain a right of way over his land by a resort to condem-
nation proceedings, could not in any way operate to preclude the
CLIX Cal.—38

subsequent acquisition of the right of prescription by the husband and wife. It rather supports the contention that the subsequent construction and maintenance of the ditch was under a claim of right adverse to such owner and all other parties.

ID.—DIVERSION BY PLAINTIFF TO NON-RIPARIAN LANDS NOT SANCTIONED —ABSENCE OF ESTOPPEL.—It is held that the evidence does not show that defendants are estopped to assert their rights in the waters of the creek running in the ditch by adequate proof, by reason of the diversion thereof by plaintiff to non-riparian lands, where it does not appear that they knew of, or had any reason to suspect any intended diversion by the plaintiff of any water to which they were entitled until after such diversion had actually been made.

APPEAL from a judgment of the Superior Court of Santa Cruz County. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

H. A. Van C. Torchiana and W. P. Netherton, for Appellant.

Harry J. Bias, and Cassin & Lucas, for Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiff from a judgment given in an action brought by him to obtain the abatement of a water-ditch about one thousand feet long, constructed and maintained by defendants Guichard (husband and wife) over a portion of his land to a point on Alba Creek located on such land, and used by said defendants in diverting and carrying to their land water from said creek, an injunction restraining the defendants from conducting or maintaining any ditch or flume on said land or from maintaining any flow or diversion of water from the waters of said Alba Creek on said plaintiff's land, and for five hundred dollars damages.

Alba Creek runs for about four thousand feet through plaintiff's land, and thence for about sixty or seventy feet through one corner of a small parcel of land owned by the Guichards, lying south of plaintiff's land. Mr. Guichard put his acreage at forty-three acres, and ninety per cent of his forty-three-acre tract as being within the watershed of Alba Creek. The Guichards have lived on this land ever since 1894, using the same continuously for growing "strawberries and garden truck." To accomplish this, water from Alba Creek

has at all times been necessary for the irrigation of the lands. It is not questioned that the Guichard land is riparian to Alba Creek. Ever since 1897 the Guichards' point of diversion has been at a point on plaintiff's lands, some eight hundred feet from their own land. In that year the Guichards constructed the ditch complained of, commencing at such point of diversion and running over plaintiff's land, then owned by one Grover, plaintiff's predecessor in interest, to their land, and have ever since used the same for conducting such water as they have taken from Alba Creek. Although some of plaintiff's land is also riparian to Alba Creek, water therefrom has never been used thereon. In 1907 plaintiff, at a point on the creek above the Guichards' point of diversion, constructed a dam and a flume leading therefrom over a well-defined ridge and divide to his land in the place known as the village of Brookdale, and by means thereof has diverted water to supply the inhabitants of Brookdale with water for domestic purposes and with electricity for lighting purposes. Brookdale is not riparian to Alba Creek. The amount so diverted by plaintiff was the whole of the water of said creek when there was less than eight inches under a four-inch pressure flowing therein, which was the situation at times. The result was that the Guichards' supply was at times entirely cut off and at other times materially reduced, causing failure of their crops, injury to their stock and permanent injury to their land, the damage alleged and found being five hundred dollars.

By their pleadings, including a cross-complaint, the Guichards set up the alleged facts upon which they base their claim of right by prescription to maintain their ditch over plaintiff's land and to divert by means thereof to their land the amount of water they have diverted and used ever since the construction of said ditch. Certain special issues were submitted to an advisory jury. The answers of the jury upon these submitted issues and the findings of the trial court upon all the issues were in favor of the Guichards.

By the judgment the defendants Guichard are decreed to be the owners of the right to maintain the ditch over plaintiff's land and to keep the same in repair, and also of the right to divert from Alba Creek through the ditch for use on their riparian land "waters to the extent of three inches."

Plaintiff was enjoined by the judgment from taking any of the waters of said creek to any lands apart from the watershed belonging to and draining into Alba Creek, and the Guichards were awarded five hundred dollars damages.

Regardless of other questions involved, it is clear that the judgment must be reversed because of the absolute want of showing of the amount of water which the Guichards are entitled to divert by means of their ditch from Alba Creek on plaintiff's land. As we have seen, the provision of the judgment in this regard is simply "water to the extent of three inches." There is nothing else in the judgment that goes to the question of the amount of water to which the Guichards are entitled. The expression quoted is meaningless, unless we are to assume that miner's inches are meant. With such an assumption, the expression might be certain and definite enough, in view of the act fixing and defining a miner's inch of water, approved March 23, 1901. (Stats. 1901, p. 660.) It is there provided: "The standard miner's inch of water shall be equivalent or equal to one and one-half cubic feet of water per minute, measured through any aperture or orifice." The statements in the findings as to the amount of water the Guichards have been diverting and are entitled to continue to divert are the same as in the judgment, viz.: "Waters to the extent of three inches," and these statements correspond with those in the pleadings of the Guichards. According to their answer and cross-complaint, they have diverted and used under claim of right "water to the extent of three inches," and are the owners of the right to divert "waters to the extent of three inches." It may be doubted whether we may assume that such an expression, especially when contained in a judgment purporting to determine conflicting rights in water, should be assumed to mean miner's inches. But if we do so assume, the evidence is entirely insufficient to show that the Guichards have ever diverted any such amount of water, and insufficient to furnish the data upon which the amount of water diverted can be ascertained. The evidence was such as to furnish no basis for an adjudication as to the amount of water they were entitled to take on plaintiff's land from Alba Creek by means of their ditch, except as such basis was furnished by evidence of the amount that they had actually diverted. The only evidence in this

behalf was given by Mr. Guichard, and was as follows: "I would estimate the amount of water which flows from Alba Creek and has been accustomed to flow from Alba Creek, through my ditch, to be about three inches, a little over perhaps, no pressure. *That is, if I put a trough three inches wide, it runs one inch deep in there, runs there itself, naturally comes. I have not taken any measurements. I don't know the fall. I don't know the quantity of water, in gallons, per hour."* It is to be observed that neither the fall at the point of diversion nor the grade of the ditch itself is given. It is clear that this evidence does not show that three miner's inches of water have been diverted, according either to the statutory definition of a miner's inch, or any definition thereof recognized by the authorities. (See *Gardner* v. *Wright,* 49 Or. 609, 91 Pac. 286, 297.) The evidence quoted is absolutely devoid of data upon which a conclusion can be reached as to the *quantity* of water actually diverted into or through the ditch. To show the quantity in miner's inches there should have been either evidence as to a measurement according to some prescribed method, or evidence of facts upon which a definite calculation could be made. Without evidence from which the quantity of water diverted could be ascertained, the trial court was without evidence upon which it could base any conclusion as to the number of miner's inches which the Guichards were entitled to take on Logan's land, or could make any adjudication whatever of the extent of their rights. In the absence of a finding of the actual diversion of some definite quantity of water, sufficiently supported by evidence, the plea of prescriptive right to take water above their boundary must necessarily fail. (See *Hayes* v. *Silver Creek etc. Co.,* 136 Cal. 238, [68 Pac. 704]. See, also, *Walsh* v. *Wallace,* 26 Nev. 330, [99 Am. St. Rep. 692, 67 Pac. 914].) *Senior* v. *Anderson,* 130 Cal. 290, [62 Pac. 563], relied on by respondents, is not in point, for the reason that sufficient facts did appear in that case to enable a determination to be made of the relative rights of the parties.

For the purposes of a new trial, it is proper to consider certain other points made by plaintiff for reversal.

We are of the opinion that there was evidence sufficient to support a conclusion that the Guichards have acquired by prescription the right to maintain the ditch constructed and

maintained by them on plaintiff's land, for the purpose of diverting from Alba Creek and conducting to their riparian land, the quantity of water which they continuously used through their ditch. Their claim was of the right to divert water to which they were entitled as riparian owners from a point on the creek located on plaintiff's land, and to maintain a ditch over plaintiff's land for the purpose of conducting such water to their land. The trial court recognized this limitation, the judgment expressly limiting the use of the water by the Guichards to their lands riparian to Alba Creek. Evidence given on the trial warranted the conclusion that, although the ditch was constructed on plaintiff's land and the diversion commenced in the year 1897, under permission of Mr. Grover, the then owner of such land, the circumstances under which such permission was originally given, are sufficient to constitute a basis for a claim of right on the part of the Guichards to thenceforth permanently maintain and use the ditch and continue the diversion of water through the same. While there was a conflict in the evidence upon the point, there was sufficient evidence to sustain a conclusion that their subsequent use of the ditch, which continued uninterrupted to the time of the construction by plaintiff of his dam in the year 1907, was, to the knowledge of both Grover and plaintiff, his successor in interest, open, notorious, under a claim of right, and adverse to Grover, plaintiff and all other persons. The evidence as to what occurred between Grover, plaintiff, and Guichard in 1901 did not necessarily bring the case within the rule of *Jensen* v. *Hunter,* (Cal.) 41 Pac. 14, where it was held that an offer of money made by claimant to the landowner for a right of way for water before the statute of limitations had run in such claimant's favor, was a confession by the claimant of title in the landowner, which interrupted the running of the statute. Guichard's evidence as to this is enough to support the conclusion that all he did in the matter was, in response to the solicitation of plaintiff that he and his wife surrender all right as riparian owners in the creek except such as they exercised by means of the ditch leading to the point of diversion on plaintiff's land, to agree to get his wife, in whose name their property stood, to waive all such rights. This is not sufficient to compel a conclusion of acknowledgment of any right in the plaintiff to prevent the

use of the ditch or the diversion of water through the same. Nothing further appears to have been done toward procuring such waiver.

The evidence of Guichard indicated that Grover, in allowing him to construct his ditch upon his land and establish his place of diversion thereon, and Guichard, in so constructing his ditch and diverting water through the same, believed that the Guichards, as riparian owners, by a resort to condemnation proceedings, could obtain a right of way over Grover's land for the taking of this water. We do not see how this mistaken view could in any way operate to preclude the subsequent acquirement of the right by prescription. In fact, it is rather in support of Guichard's contention that the subsequent construction and maintenance of the ditch was under claim of right, with the knowledge of and adverse to Grover and all other parties.

We see nothing in the record compelling the conclusion that the Guichards are estopped from asserting their rights in the waters of Alba Creek by reason of standing by and allowing plaintiff without objection, to construct his dam and flume for supplying the inhabitants of Brookdale with water. It does not appear that they knew of, or had any reason to suspect, any intended diversion by plaintiff of any of the water to which they were entitled, until after such diversion had actually been made.

There is no other matter that we deem it necessary to discuss for the purposes of further proceedings.

The judgment is reversed and the cause remanded for a new trial.

Shaw, J., and Sloss, J., concurred.