MARANVILLE DITCH COMPANY ET AL., APPELLANTS, v. KIL-
PATRICK BROTHERS COMPANY, APPELLEE.

FILED NOVEMBER 17, 1916.   No. 18954.

Waters: IRRIGATION: APPROPRIATION: ADVERSE USER.   To the extent
that a landowner, under a prior appropriation, uses water of a
river for irrigation when actually needed, diversions by upper
appropriators using water for the same purpose are not adverse.

APPEAL from the district court for Chase county: ER-
NEST B. PERRY, JUDGE.   *Affirmed.*

*P. W. Scott,* for appellants.

*Hazlett & Jack* and *Charles W. Meeker, contra.*

ROSE, J.

Plaintiffs brought this suit in equity in the district court
for Chase county to protect alleged priority of rights to
the use of waters of the Frenchman river for irrigation.
The statutory appropriations of the parties are as follows:
Defendant, December 23, 1890, 64.86 cubic feet of water a
second; plaintiff Maranville Ditch Company, December 8,
1894, 6 cubic feet of water a second; plaintiff Inman Ditch
Company, February 28, 1895, 6.43 cubic feet of water a
second.   Plaintiffs are upper proprietors.   They assert
prior rights alleged to have been acquired by prescription
or by adverse user for more than the statutory period of
ten years.   The district court decreed that defendant had
a prior right to use 24 cubic feet of water a second.   Plain-
tiffs have appealed.

It is contended that the evidence does not justify the
finding below.   There is testimony tending to show that
by means of two dams, two and five miles, respectively,
above defendant's headgate, plaintiffs have for more than
ten years diverted to their irrigation ditches the entire
flow of the river at those places.   Owing to the peculiar
nature of the basin of the stream, however, the river, be-

fore reaching defendant's headgate, accumulated considerable water which defendant used for irrigation. Defendant owns 2,000 acres of land under its ditch. One of its officers testified that it annually irrigated from 1,500 to 2,000 acres of its own, in addition to 160 acres which it did not own. To the extent that defendant, under its prior appropriation, used water, when actually needed for irrigation, the diversions of plaintiffs were not adverse. 2 Kinney, Irrigation and Water Rights (2d ed.) sec. 1050; *Faulkner v. Rondoni,* 104 Cal. 140; *Talbott v. Butte City Water Co.,* 29 Mont. 17; *Featherman v. Hennessy,* 42 Mont. 535; *Davis v. Chamberlain,* 51 Or. 304; *Henderson v. Goforth,* 34 S. Dak. 441. Under these circumstances plaintiffs were required to prove that they had deprived defendant of the use of a definite quantity of water to which it was entitled under its prior appropriation. *Hayes v. Silver Creek & Panoche Land & Water Co.,* 136 Cal. 238; *Logan v. Guichard,* 159 Cal. 592. In this situation the trial court found that, while the testimony was not as certain, unequivocal and definite as it should have been, defendant had irrigated annually approximately 1,680 acres, a use of water, according to the statute, equivalent to 24 cubic feet a second. The finding on appeal is the same. This conclusion makes it unnecessary to consider other questions argued.

AFFIRMED.

SEDGWICK and HAMER, JJ., not sitting.