KILPATRICK BROTHERS COMPANY, APPELLANT, V. FRENCH-
MAN VALLEY IRRIGATION DISTRICT, APPELLEE.

FILED APRIL 14, 1917.   No. 19397.

Waters: IRRIGATION: ADVERSE USER.   During the time a prior appro-
priator carrying water for hire to landowners is properly engaged
in developing its right, the use of water by an upper proprietor
under a subsequent appropriation is not adverse, where it does not
deprive the prior appropriator of the use of water when actually
needed.

APPEAL from the district court for Chase county:   ER-
NEST B. PERRY, JUDGE.   *Affirmed.*

*Charles W. Meeker* and *Hazlett & Jack,* for appellant.

*C. E. Eldred* and *John F. Cordeal, contra.*

ROSE, J.

Plaintiff brought this suit in equity in the district court
for Chase county to determine priority of rights to the use
of waters of the Frenchman river for irrigation.   Accord-
ing to an adjudication by the state board of irrigation, de-
fendant's predecessor, the Culbertson Irrigating & Water
Power Company acquired, May 16, 1890, an appropriation
of 215 cubic feet of water a second.   Plaintiff is an upper
proprietor, and its adjudicated appropriation, 64.86 cubic
feet of water a second, dates from December 23, 1890.
These appropriations as thus originally established are not
in dispute, but it is asserted that, by prescription or ad-
verse user for the statutory period of ten years, defend-
ant lost and plaintiff acquired all of the prior appropria-
tion in excess of 50 cubic feet of water a second.   On the
contrary, it is insisted that plaintiff's use of water to
which defendant was entitled under its adjudication was
not adverse and that the proofs are insufficient to entitle
plaintiff to relief in equity.   The trial court found the
issue in favor of defendant and dismissed the suit.   Plain-
tiff has appealed.

On appeal a careful examination of the evidence leads to the conclusion reached by the trial court. The elements essential to prescription or adverse user for the statutory period of ten years are not established by the proofs. In many respects defendant's irrigating enterprise was a growth in a new country. Its irrigating system was established principally for the purpose of carrying water for hire to the lands of others. The benefits of irrigation were not fully understood by all owners of lands along defendant's canals. It required time to procure irrigating contracts for all available water. The right to the appropriation continued as a developing right. *Enterprise Irrigation District v. Tri-State Land Co.*, 92 Neb. 121. Under such circumstances plaintiff's diversion of water which could not be beneficially used by defendant was not adverse. When the conditions and circumstances outlined are considered, the proofs do not show that plaintiff's use was adverse as distinguished from permissive. *Maranville Ditch Co. v. Kilpatrick Bros. Co.*, 100 Neb. 371; *Ison v. Sturgill*, 57 Or. 109. Relief on the ground of adverse user was therefore properly denied.

AFFIRMED.

CORNISH, J., not sitting.