[Sac. No. 4911.   In Bank.—February 28, 1936.]

CATHERINE C. LARSEN et al., Respondents, v. NORMAN L. APOLLONIO, Appellant.

George B. White for Appellant.

Henry S. Lyon, Stanley W. Reckers and Robert E. Roberts for Respondents.

CURTIS, J.—This action was brought to quiet plaintiffs' title to the waters of a stream, which will be later referred to and described, and to enjoin the defendant from diverting, pumping or otherwise interfering with said waters. The stream involved is a small tributary of the south branch of Brush Canyon Creek in the county of El Dorado. The stream runs in the bed of a ravine in a northwesterly direction, and plaintiffs' lands are situated in a westerly direction from the

stream. The evidence shows that in or about the year 1895, some thirty-seven years before this action was brought, plaintiffs constructed a dam in the stream and a ditch extending from said dam to their said lands, and by means of said dam and ditch they diverted all the waters of said stream to their said lands, where they have been used by plaintiffs for household and domestic purposes and for the irrigation of their said lands. Some four and one-half years before the institution of this action, the defendant acquired a portion of the tract of land through which said stream runs. Defendant's land is situated above the dam and ditch constructed by plaintiffs, and said stream enters defendant's land at the south boundary thereof and runs in a northwesterly direction through the entire tract and then down to plaintiffs' point of diversion. There seems to be some disagreement between counsel as to the distance from defendant's northerly line to the plaintiffs' dam and ditch. One claims it is 300 to 350 feet, while the other insists that it is 1500 feet. The exact distance is not material. After defendant acquired his tract of land he sunk a well thereon and within less than 40 feet from said stream, and has installed a pump in said well, by means of which he pumps from said well a substantial quantity of water which he has used upon his said tract of land. He also has installed a hydraulic ram at the mouth of an old tunnel located in the bed of said ravine by which he pumps and diverts water which he uses upon his said land. The pump installed in the well has a capacity of 900 to 1,000 gallons per hour. He pumped from the well approximately 16,000 gallons a day, and from the tunnel by the hydraulic ram some 240 gallons per day. Plaintiffs claim to be the owner of the use to all the waters in the stream, and brought this action, as above noted, to quiet their title to said waters and to enjoin the defendant from interfering with their exclusive use of said waters. Upon the trial of the action the court made findings in favor of plaintiffs and entered its judgment quieting plaintiffs' title to the waters of said stream, the amount of which the court fixed at 15 miner's inches, and enjoining defendant from using any of said waters during the irrigating season of each year, beginning May 1st and ending October 31st. The defendant has appealed from this judgment.

Defendant first contends that the evidence is insufficient to support the court's finding that the plaintiffs are

the owners of the right to take and divert all the waters flowing in said stream. In support of this contention defendant calls to the attention of the court that at the time plaintiffs constructed said dam in said stream and the ditch leading from said dam to their lands, they constructed another ditch which was connected with said stream at a point some distance above the point where they constructed said dam. This second ditch was used by plaintiffs for the purpose of conducting water which they rented from a third party, and which they conveyed in said second ditch, where it was discharged into said stream from whence it flowed down to plaintiffs' said dam and into their ditch and then onto plaintiffs' lands, where it was used for the purpose of irrigating plaintiffs' said lands. Defendant argues that the ditch constructed from said dam to their lands was for the purpose of conveying this rented water to their lands and not for the purpose of conveying thereto the waters of the stream. There is absolutely nothing in the evidence to support this claim. Plaintiffs testified that the ditch leading from their land to their premises was constructed for the purpose of conveying both the rented water and the water from the stream. It would seem most illogical that plaintiffs would rent water from a third person and at the same time neglect to use water which they could take from the stream without any charge. ■ The evidence shows that not only did plaintiffs use all the water of the stream upon their lands, but that they had need of more water and rented it from other parties, using the same ditch to convey both supplies to their premises. The evidence shows that plaintiffs' use of this ditch for conveying the water from the stream was open, notorious and under a claim of right to all of said water. They thus acquired not only a right to maintain their ditch, but also to the waters flowing therein. (*Smith* v. *Gaylord*, 179 Cal. 106, 108, 109 [175 Pac. 449].)

■ It is next contended that there is no showing of any injury to plaintiffs by any act of defeidant for the reason that the evidence fails to show that the water diverted by defendant is a part of said stream. In other words, defendant contends that there is no showing that his taking of water by means of his well and pump, and also by his hydraulic ram, causes any substantial diminution in the flow of the stream. As to the water taken by means of the ram, the evidence shows that the ram is located at the mouth of the tunnel and that the

water flowing through the tunnel is in fact a part of the water of the stream. There can be no question, then, that whatever water is taken by means of defendant's hydraulic ram is taken direct from the stream and is a part thereof. Such taking, of course, diminishes the amount flowing in the stream.

As to the water diverted by means of defendant's well and pump, the evidence shows that the well is located about 38 feet from the stream and that the land underlying the bed of the stream and extending on either side thereof is of a loose, porous soil; that the water level in the well corresponds with the bed of the stream, and that the effect of pumping from the well is followed by a slight lessening of the amount of water flowing in the stream. We must concede that the evidence on this point is not as satisfactory as might be desired. It satisfied the trial court, and we cannot say that it was so lacking in evidentiary value as not to support the court's conclusion. The mere location of defendant's well in so close proximity to the stream, with the other attending circumstances, would seem to make out a *prima facie* case in favor of plaintiffs and cast upon defendant the burden of proving that his development of water had not interfered with the waters in the stream. (*Silver King Consol. Min. Co.* v. *Sutton*, 85 Utah, 297 [39 Pac. (2d) 682].)

A further contention of defendant is that he is a riparian proprietor and therefore is entitled to use water for domestic purposes. As between riparian proprietors on a stream, the claim of one such owner to use of water for certain necessary purposes may be correct, but the present controversy is not such a one. The plaintiffs have gained a right to use all the waters of the stream by appropriation. There are no correlative rights between a riparian owner and one who gains title by appropriation. The latter's rights are absolute. (*Clemens Horst Co.* v. *Tarr Min. Co.*, 174 Cal. 430 [163 Pac. 492].) *Katz* v. *Walkinshaw*, 141 Cal. 116 [70 Pac. 663, 74 Pac. 766, 99 Am. St. Rep. 35, 64 L. R. A. 236], has no application to the facts of this case. That action dealt with percolating waters alone, and had no reference to subsurface waters which, due to their close proximity to the surface stream, are in law a part of the stream itself.

Finally the defendant contends that the injury sustained by plaintiffs through the taking of the small quantity

of water through his well and pump is so slight as to be unsubstantial, and therefore an injunction will not lie to prevent the same. Defendant cites a passage from *Hudson* v. *Dailey,* 156 Cal. 617, 630 [105 Pac. 748], that "In order to make a case for an injunction it is necessary for the plaintiff to show substantial injury." We are not prepared to say that the evidence in this case brings defendant within the rule just stated. The stream involved is small, the court fixing its run during the irrigating season at 15 inches. Defendant claims that this finding was beyond the evidence, and that the stream is much less in size than that found by the court. We think there is evidence to support such finding. But to take from the stream the quantity of water which the evidence shows defendant's pump and hydraulic ram are capable of diverting, when the maximum amount of the stream is even 15 inches, cannot, we think, be held to be an unsubstantial injury to plaintiffs. The evidence shows that the latter have need of all the water flowing in the stream for domestic, household and irrigating purposes, and that they are also compelled constantly during the irrigating season to rent other water in order to properly care for the crops produced upon their lands. Whatever diminution in the stream is caused by defendant's developments, if allowed to continue, would be at plaintiff's expense, and the latter would be compelled to increase the amount of rented water used by them. We think this contention is without merit and has no support in the facts before us or the law applicable thereto.

We are satisfied with the conclusion reached in this case by the trial court, and are of the opinion that its judgment should be affirmed. It is so ordered.

Langdon, J., Waste, C. J., Thompson, J., Shenk, J., and Seawell, J., concurred.