[Civ. No. 3338.   Fourth Dist.   Aug. 21, 1944.]

PETE DYKZEUL et al., Appellants, v. LEON W. MANSUR, Respondent.

504

Lindley & Higgins for Appellants.

Monroe & McInnis for Respondent.

GRIFFIN, J.—This is an ordinary action to quiet title wherein plaintiff alleged ownership of certain described real property and that defendant "claims some right, title, interest, estate or lien in or to the above described real property adverse to these plaintiffs. . . ." Plaintiffs and appellants

herein, a few months before this action was commenced, purchased, as joint tenants, a tract of land (approximately 1,100 acres which originally was a part of the Rancho Pauma) lying in the northeasterly section of San Diego County. Upon taking possession of the land, plaintiffs learned that the defendant owned a tract of land of approximately 34 acres which, in part, bordered upon the southerly boundary line of the plaintiffs' tract. For many years a small stream of water has flowed across this 1,100-acre tract and into the San Luis Rey River, the source of which arose in the mountains northeast of the rancho. It flowed diagonally southwesterly through the westerly corner of the 1,100-acre tract, thence across a small portion of lot 3 of defendant's land and thence diagonally southwesterly across lot 2 of the same land. The stream of water crossing this property is fed to some extent by springs upon plaintiffs' land. After taking possession of the 1,100 acres plaintiffs were informed by defendant that defendant owned, or at least claimed the water arising on or crossing the land just purchased by plaintiffs. This action followed.

In the answer filed, defendant admitted his claim to ''an easement in and upon the land described'' and alleged that because of an appropriation recorded in 1891 by one Mary Salmons he had the right to divert and take from plaintiffs' land 100 miner's inches of water under a 4-inch pressure; that he had a prescriptive title to 100 miner's inches. He filed a cross-complaint setting up his claimed right thereto, as well as a right and easement to maintain upon plaintiffs' land, pipes and ditches for the diversion of water, and to divert water and transport it upon his land. He prayed that his said easements may be established.

The evidence discloses that for many years there had existed over and across plaintiffs' land and on lot 3 of defendant's land, an open ditch through which water had been diverted from the stream above mentioned; that, originally, the ditch had been approximately a thousand feet in length from the southerly boundary line of plaintiffs' land, but that floods had washed out the ditch until, from 1937 on, the ditch was approximately 205 feet in length. The evidence also shows that from 1937 on the defendant had taken water from this stream on plaintiffs' land and conveyed it by means of

this open ditch and two 1-inch pipes located therein across plaintiffs' land onto his own land, where he used it for the purpose of domestic household uses, watering a few head of stock and some fowl, irrigating a vegetable garden, fruit trees, and also for the purpose of irrigating shrubbery, flowers and eucalyptus trees.

The court found and adjudicated that the defendant had, by adverse use, obtained an easement and the right to take off of plaintiffs' land, at the point where the 205-foot ditch intersected the stream bed, 27-acre feet of water per year in certain proportionate amounts each month of the year, and to convey the same by means of the open ditch and water pipe therein onto the defendant's land. The court then found that both the land of the plaintiffs and the land of the defendant were riparian to the stream of water; that in addition to the definite amount of water which the court found the defendant had actually acquired by prescription and put to a beneficial use on his land, he had also secured, by prescription, the right to divert and take through the open ditch and the water pipes therein, all of the water to which defendant might be entitled as a riparian owner on the stream below plaintiffs' land up to the capacity of the ditch, to be used for beneficial uses only. The findings then recite: ". . . the court herein making no finding as to the extent or amount thereof" (riparian rights) ". . . That it is stipulated and conceded by both parties and found by the court that the respective properties and the owners thereof are entitled to and possess their riparian rights in and to the waters of said unnamed creek except as said rights are modified by and are subject to the prior right and easement herein found to be possessed by defendant." The judgment then recites that "each have their riparian rights in and to the waters of said unnamed stream . . . subject only and as modified by and subordinate to the prior right and easement of the defendant . . . it being expressly provided that this decree is without prejudice to any further proceeding in the future which may be necessary to adjudicate or determine the exact proportionate amounts of said waters to which either of the parties hereto is entitled by reason of said riparian rights."

Appellants, on this appeal, claim first that the judgment is erroneous because it awards to defendant a prescriptive right

to take water from plaintiffs' land and use it on riparian land belonging to defendant. Second, it is claimed that the judgment is erroneous because it not only awards a prescriptive right to a definite amount of water to be taken by defendant off of plaintiffs' land, but also gives the defendant the right to take water off of plaintiffs' land in an undetermined amount to which he might be entitled as a riparian owner of land located below the land of the plaintiffs. Third, that the evidence is insufficient to justify the court's conclusion as to the amount of water which the defendant is entitled to take from the stream of water on plaintiffs' land. Fourth, that the judgment is erroneous because it is uncertain as to the extent of the defendant's right, title, and interest in plaintiffs' land.

The evidence in this case fully supports the finding that the defendant acquired a prescriptive right in and to the proportionate amount of water per month as described in the findings and judgment and to the easement in and over plaintiffs' land for the purpose of conveying water to defendant's lands. Defendant's predecessor in interest acquired defendant's property many years ago. In 1891, she recorded her notice of appropriation and in addition thereto, ever since that time, she and defendant have diverted and used, openly, continuously, notoriously, and adversely under a claim of right, at least ''100 miners' inches of water, under a four-inch pressure'' for a beneficial use and upon defendant's property.

It is fundamental that a riparian proprietor may acquire the right by prescription to maintain a ditch or other means of diversion over the land of another, and he may acquire the prescriptive right to transport in that ditch that water to which he is entitled, both under his prescriptive right or as a riparian proprietor when such water is used for a beneficial use on his riparian land. (*Logan* v. *Guichard,* 159 Cal. 592 [114 P. 989]; *Albaugh* v. *Mount Shasta Power Corporation,* 9 Cal.2d 751 [73 P.2d 217].) An owner of land adjacent to a stream may acquire prescriptive title to waters therefrom distinct from or even in addition to his normal riparian rights. (*Mount Shasta Power Corp.* v. *McArthur,* 109 Cal.App. 171 [292 P. 549]; *Oliver* v. *Robnett,* 190 Cal. 51 [210 P. 408]; *Ward* v. *City of Monrovia,*

16 Cal.2d 815 [108 P.2d 425]; *Morgan* v. *Walker,* 217 Cal. 607 [20 P.2d 660]; and *Larsen* v. *Apollonio,* 5 Cal.2d 440 [55 P.2d 196].)

■   It was conceded at the trial and the court found that both plaintiffs and defendant were riparian owners. There were other lower riparian owners. It is apparent from the pleadings and judgment that the trial court was not called upon nor did it endeavor to determine the extent of the riparian rights of the respective landowners. This question was specifically left in abeyance. It appears, therefore, that plaintiffs and defendant were endeavoring to determine just the nature and extent of the respective easements claimed by defendant in and over plaintiffs' land. Defendant had, for many years, taken not only such water as he had acquired by prescription but also had taken some proportionate share from his riparian waters from and across plaintiffs' land. The evidence indicates that this was the only accessible method or means of obtaining defendant's riparian waters from the stream. The trial court held that defendant's easement permitted this method of obtaining defendant's water acquired by prescription, the amount of which was definitely fixed by the court, ''and any other waters up to the capacity of said ditch as he may be entitled to use from said stream by reason of the riparian rights appurtenant to the land owned by him, the court herein making no finding as to the extent or amount thereof.'' Under the pleadings and issues as thus framed, the trial court was authorized to and did sufficiently describe and fix the extent of the ''defendant's right, title and interest in plaintiffs' land.''

■   The evidence fully supports the court's finding that defendant had previously, for a period of twenty or more years, used such water for a beneficial use, on his property, in an amount in excess of 27-acre feet per year; that the nature of the stream was such that in the dry seasons defendant's land required more water than was obtainable from it; that plaintiffs' land was arid and that plaintiffs' predecessors in interest had never used the waters therefrom to any extent; that in the rainy seasons more water ran through the creek than could be used by either plaintiffs or defendant.

In *Stinson Canal & Irrigation Co.* v. *Lemoore Canal & Irrigation Co.,* 45 Cal.App. 241 [188 P. 77], it was held that in determining how much of the water in fact used on a given

acreage is reasonably necessary for the purpose for which it is used, a court should be liberal with the appropriator to the extent, at least, that it should not deprive him of any portion of the amount of water that he has in fact used for the period necessary to gain title by prescription, unless it is clearly and satisfactorily made to appear that he used more than was reasonably necessary. There is no evidence in the instant case that defendant has taken more water out of the stream than he was able to put to a beneficial use upon the land which is riparian to the stream. It has been held that the quantity of water to which a person is entitled by prescription is not necessarily determined by the capacity of the ditch, but is limited to the amount applied to a beneficial use, and such amount is a question of fact in each case. (*Pabst* v. *Finmand,* 190 Cal. 124 [211 P. 11] ; *Witherill* v. *Brehm,* 74 Cal.App. 286 [240 P. 529].) Because of a conflict in the testimony, it became necessary for the trial judge to view the premises and ascertain for himself the kind and character of the use made by defendant of the property involved. As a result of the inspection and the testimony, the court found that the water was used beneficially on 6 acres of defendant's property and that he had a prescriptive right to use that amount of water reasonably necessary to properly supply the needs of that acreage. The fact that the judge viewed the premises should be taken into consideration by a reviewing court. (*McManus* v. *Otis,* 61 Cal.App.2d 432 [143 P.2d 380].) The trial court's determination on the issues here presented is not unreasonable. The judgment is suffi ciently certain and will not be disturbed on appeal.

Judgment affirmed.

Barnard, P. J., concurred.